IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL PUBLIC RADIO, INC.**  )<br>1111 North Capitol Street, NE  )<br>Washington, DC  20002  )<br> )<br>and  )<br> )<br>**REBECCA HERSHER**  )<br>2911 Guilford Avenue  )<br>Baltimore, MD 21218  )<br> )<br>Plaintiffs,  )<br> )<br>v.  )<br> )<br>**FEDERAL BUREAU OF INVESTIGATION**  )<br>935 Pennsylvania Avenue, NW  )<br>Washington, DC  20535  )<br> )<br>Defendant.  )<br>────────────────────────────) | Case No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR
VIOLATION OF THE FREEDOM OF INFORMATION ACT**

Plaintiffs National Public Radio, Inc. and Rebecca Hersher (collectively, "NPR"), by their undersigned attorneys, allege as follows:

**Introduction**

1.     NPR brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., to enjoin the United States Federal Bureau of Investigation ("FBI") from continuing to improperly withhold agency records that are responsive to a request sent by NPR to the FBI on April 19, 2018, seeking video recordings of ballistics tests conducted with common handgun and rifle ammunition ("Request"), and directing the agency to promptly disclose the records.

2.     The FBI improperly denied NPR's Request in full on May 22, 2018, claiming that the records sought by NPR were exempt from disclosure under FOIA Exemption 7(E), which allows an agency to withhold disclosure of "law enforcement records or information" that would "disclose techniques and procedures for law enforcement investigations or prosecutions." However, in asserting Exemption 7(E), the agency failed to meet its burden to explain how and why the exemption is applicable to NPR's Request.

3.     The FBI's reliance on FOIA exemption 7(E) is unlawful.  Indeed, the Conference Report for the 1974 amendments to FOIA expressly states that "the scope of this exemption against disclosure of 'investigative techniques and procedures' should not be interpreted to include routine techniques and procedures already well known to the public, such as *ballistics tests*," and other common law enforcement techniques.  H.R. Rep. No. 93-1380, at 229 (1974) (Conf. Rep.) (emphasis added).

4.     The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties."  *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dept't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted).  NPR plays a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

5.     Through its FOIA Request, NPR seeks to fulfill its journalistic function and to shine a public light on the operations of the FBI and information that is critical to the public's understanding of why some bullets are more destructive than others, how bullets cause wounds, and why bullet wounds have become more lethal.

## Jurisdiction and Venue

6.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

7.     Plaintiff National Public Radio, Inc. is a non-profit multimedia organization and the leading provider of non-commercial news, information, and entertainment programming to the American public.   NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term. NPR serves an audience of 29 million people who listen to NPR programming and newscasts each week via more than 1,000 non-commercial, independently operated radio stations. NPR also reaches millions of people via its digital properties, including podcasts (which see about 19 million unique users each month), social media, mobile applications, and NPR.org (which sees about 37 million unique visitors each month).

8.     Plaintiff Rebecca Hersher is a resident and citizen of Maryland, and a journalist who works as a Reporter for NPR's Science Desk from an office in Washington, D.C.  Hersher was part of the NPR team that won a Peabody award for coverage of the Ebola epidemic in West Africa, and produced a story from Liberia that won an Edward R. Murrow award for use of sound.  She was a

finalist for the 2017 Daniel Schorr prize and a 2017 Pulitzer Center on Crisis Reporting fellow, reporting on sanitation in Haiti.

9.     Defendant Federal Bureau of Investigation ("FBI") is a component of the Executive Branch of the United States Government.    The FBI is an "agency" within the meaning of 5 U.S.C. § 552(f).  Plaintiffs are informed and believe that the FBI has possession and control of the records sought by the Request.

**Statutory and Regulatory Background**

10.     The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

11.     An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

**NPR's Interest in How Bullets Cause Wounds**

12.     Plaintiff National Public Radio, Inc. has reported a number of stories addressing the damage done by bullets, and how doctors do not know why, exactly, bullet wounds have gotten more lethal.  For example, in 2015, NPR reported on a study of gunshot wound patients in Newark, New Jersey finding that gunshot wounds have become more lethal and that more patients have had multiple wounds, but that there is a lack of data sharing between, for example, health and law enforcement to explain the increase and severity of gunshot wounds.  *See* https://www.npr.org/2015/12/03/458361236/researchers-take-on-great-problem-in-data-with-study-of-gunshot-wounds.

13.     Last year, NPR reported on the damage done by bullets during a mass shooting in Las Vegas, Nevada.  See https://www.npr.org/sections/health-shots/2017/10/04/555584905/sheer-number-of-casualties-makes-las-vegas-count-difficult.

14.     In 2018, NPR published a video investigating the science behind why some bullets are more destructive than others.  See https://www.npr.org/sections/health-shots/2018/08/01/633098211/watch-the-science-behind-why-some-bullets-are-more-destructive-than-others.  In furtherance of investigating the story, NPR reporter Rebecca Hersher investigated ballistics research and learned that the FBI produces high-speed ballistics test videos for common ammunition.

### NPR's Request for Release of Video Recordings of Ballistics Tests and the FBI's Denial of NPR's Request

15.     On April 19, 2018, NPR requested under the FOIA agency records maintained by the FBI.   Specifically, NPR requested:

> [V]ideo recordings of ballistics tests conducted with common handgun and rifle ammunitions, fired into ballistics gelatin, … video of common ammunition in multiple calibers and cartridges including but not limited to: .9mm full metal jacket, .9 mm expanding, .22 full metal jacket, and .223 full metal jacket.

Attached as Exhibit A is a true and correct copy of NPR's FOIA Request.  NPR sought production of the recordings "in digital form as AVI, FLV, MP4, MOV or another widely used filetype."

16.     NPR did not seek identifying information regarding specific FBI cases or investigations.  Instead, NPR sought generic video recordings of ballistics tests.

17.     NPR asked the FBI to waive any applicable fees "because the information as used by National Public Radio is likely to contribute significantly to public understanding of the

operations or activities of the government an is not primarily in the commercial interest of the requester."  *See* Exhibit A at 2.

18.    By letter to Ms. Hersher dated May 22, 2018, Defendant FBI acknowledged that it received NPR's FOIA request described *supra* at ¶ 15, assigned it "FOIPA Request No.: 1403613-000," and described the subject of the request as "Video Recordings of Ballistics Tests (Common Handgun and Rifle Ammunition)."  Defendant further stated that "your request is being withheld in full pursuant to Title 5, U.S. Code 522, subsection (b)(7)(E) [5 U.S.C. § 552 (b)(7)(E)], and your request is being closed."  Attached as Exhibit B is the FBI's response.

19.    On August 14, 2018, NPR filed an administrative appeal of the FBI's denial of the request, asserting that the FBI's assertion of Exemption 7(E) was conclusory and insufficient, and further asserting that Exemption 7(E) does not apply to routine techniques and procedures already well known to the public, such as the ballistics tests sought in NPR's Request.  Attached as Exhibit C is NPR's administrative appeal.

20.    On September 28, 2018, Defendant FBI denied Ms. Hersher's administrative appeal, again relying on Exemption 7(E) to conclude "it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision," because it would "disclose techniques and procedures or guidelines for law enforcement investigations or prosecutions."  Attached as Exhibit D is the FBI's administrative appeal denial.

21.    To date defendant the FBI has not produced any documents in response to NPR's FOIA Request.

22.    NPR has exhausted the applicable administrative remedies with respect to its Request for agency records maintained by the FBI.

23.    Defendant FBI has wrongfully withheld the requested records from NPR without justifying its reliance on any exemption to FOIA.

## PLAINTIFFS' CLAIM FOR RELIEF

### COUNT I
### (Failure to Produce Documents)

24.    Plaintiffs repeat and re-alleges paragraphs 1- 23.

25.    NPR properly asked that the FBI produce video recordings of ballistics tests conducted with common handgun and rifle ammunitions.

26.    Defendant FBI denied NPR's Request in full and failed to produce any video recordings responsive to NPR's Request, citing FOIA Exemption 7(E).

27.    In claiming FOIA exemptions, the burden falls on the government to demonstrate that the "requested material need not be produced because a particular FOIA exemption protects the material from disclosure." *Dugan v. U.S. Dep't of Justice*, 82 F. Supp. 3d 485, 494 (D.D.C) (citing *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992)).

28.    The FBI failed to meet its burden to invoke Exemption 7(E) because the agency failed to provide any explanation regarding how or why the exemption applied to NPR's Request, or the agency's rationale for withholding records under Exemption 7(E).

29.    Exemption 7(E) "extends to information regarding obscure or secret" law enforcement techniques. *Jaffe v. CIA*, 573 F. Supp. 377, 387 (D.D.C. 1983). The Conference Report for the 1974 amendment to FOIA that added Exemption 7(E) expressly  states that "the scope of this exemption against disclosure of 'investigative techniques and procedures' should not be interpreted to include routine techniques and procedures already well known to the public, ***such as ballistics tests***…." H.R. Rep. No. 93-1380, at 229 (1974) (Conf. Rep.) (emphasis

7

added).  Accordingly, Exemption 7(E) does not apply to routine techniques and procedures already known to the public, such as the ballistics tests sought by NPR's FOIA Request.

30.     NPR has a statutory right to the agency records they requested of the FBI under the FOIA, and there is no legal basis for defendant FBI to withhold the records.

31.     Defendant FBI improperly denied NPR's FOIA Request for agency records maintained by the FBI without justifying its reliance on any exemption to FOIA.

32.     As a result of the actions complained of herein, NPR was denied access to records which it was entitled to review in violation of the FOIA.

33.     NPR therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

## **Requested Relief**

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1)     Order defendant FBI to immediately and fully process NPR's April 19, 2018 FOIA request and disclose all non-exempt documents immediately to Plaintiffs;

(2)     Issue a declaration that NPR is entitled to immediate processing and disclosure of the requested records;

(3)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(4)     Award Plaintiffs their costs and reasonable attorneys' fees in this action; and

(5)     Grant such other relief as the Court may deem just and proper.

Dated:  December 21, 2018

Respectfully submitted,

_____/s/  Lisa B. Zycherman_____

Lisa B. Zycherman (D.C. Bar No. 495277)
lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC  20006
202-973-4280

Thomas R. Burke
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street
San Francisco, CA 94111
415-276-6500

*Counsel for Plaintiffs*