IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL PUBLIC RADIO, INC.,** *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **FEDERAL BUREAU OF INVESTIGATION**, ) <br>    *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:18-cv-03066-CJN |

## JOINT STATUS REPORT

Pursuant to the Order issued in this case on March 25, 2019, this Joint Status Report is submitted by Plaintiffs National Public Radio, Inc. ("NPR") and Rebecca Hersher, and Defendants Federal Bureau of Investigation and the U.S. Department of Justice, by and through their respective counsel of record.

**A.    Background**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiffs NPR and Ms. Hersher seek injunctive, declaratory and other appropriate relief for the processing and release of agency records requested by plaintiffs on April 19, 2018, from Defendant Federal Bureau of Investigation ("FBI"). Specifically, Plaintiffs seek the disclosure of "video recordings of ballistics tests conducted with common handgun and rifle ammunitions, fired into ballistics gelatin, … video of common ammunition in multiple calibers and cartridges including but not limited to: .9 mm full metal jacket, .9 mm expanding, .22 full metal jacket, and .223 full metal jacket." Plaintiffs filed a Complaint seeking production of the requested records on December 21, 2018 (ECF No. 1), and subsequently filed an Amended Complaint on March 4,

2019 (ECF No. 10). Defendants filed their Answer to the Amended Complaint on March 18, 2019 (ECF No. 15).

### B. Status of the Request

#### 1. Defendants' Position

Defendants have completed the process of manually searching for potentially responsive records and have located 97 video recordings.[1] Defendants produced a *Vaughn* Index to Plaintiffs on August 15, 2019, in which it listed the two types of responsive video recordings it located and set forth the FOIA exemptions invoked to withhold the recordings in full. While Plaintiffs request a more detailed *Vaughn* Index and/or declarations to justify the exemptions, these are not required until the summary judgment stage of the proceedings. *See, e.g.,Center for Public Integrity v. U.S. Dep't of Commerce,* 2019 WL 3752963, *3 (D.D.C. 2019)( "The court may grant summary judgment based on information provided in an agency's affidavits or declarations when they are 'relatively detailed and non-conclusory,' *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted), and 'not controverted by either contrary evidence in the record nor by evidence of agency bad faith,' *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981"). However, Defendants have since provided Plaintiff a more detailed *Vaughn* Index.

Defendants propose submitting their motion for summary judgment on October 16, 2019.

#### 2. Plaintiffs' Position

Defendants only completed a review of responsive records six months after this case was filed, and over a year since Plaintiffs first requested the agency records. Defendants report that only 97 videos are responsive to Plaintiffs' FOIA request, and have produced a Vaughn Index

---

[1] In the previous status reports, Defendants had reported that there were approximately 87 video recordings.

confirming that the FBI intends to withhold this material entirely pursuant to subsections (b)(7)(E) and (b)(7)(F).  The Vaughn Index fails to explain how disclosure of withheld records would damage the interests protected by the claimed exemptions.  *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 88 (D.D.C. 2009) ("The Vaughn Index and/or accompanying affidavits or declarations must 'provide[ ] a relatively detailed justification, specifically identif[y] the reasons why a particular exemption is relevant and correlat[e] those claims with the particular part of a withheld document to which they apply.'") (quoting *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006)).  Plaintiffs propose that this Court issue an order requiring Defendants produce a complete Vaughn Index and/or accompanying affidavits or declarations by no later than August 31, 2019, explaining how disclosure of withheld records would damage the interests protected by the claimed exemptions.  Plaintiffs further propose that this Court issue an order setting a briefing schedule for the parties, with Plaintiffs' dispositive motion to be filed October 1, 2019, and subsequent briefs to be filed in accordance with the local rules for this Court.

Dated:  August 16, 2019                    Respectfully submitted,

/*s/  Lisa B. Zycherman*
Lisa B. Zycherman (D.C. Bar No. 495277)
lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
202-973-4280

Thomas R. Burke
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street
San Francisco, CA 94111
415-276-6500

*Counsel for Plaintiffs*

Jessie K. Liu
United States Attorney

Daniel F. Van Horn Chief
Civil Division

*/s/ Denise M. Clark*
Denise M. Clark, D.C. Bar No. 479149
555 Fourth Street, NW
Washington, DC 20530
202-252-6605
Denise.Clark@usdoj.gov

*Counsel for Defendants*